The defendant (father) appeals from the judgment of the Probate and Family Court in favor of the plaintiff (mother) on her complaint for authorization to remove the parties' minor child from the Commonwealth. We affirm.
Background. The parties married in 2006 in Arizona, and their only child was born in California in 2009. The family moved to Georgia after the child's birth, and in 2011, they moved to Massachusetts. In 2013, they divorced. Pursuant to a separation agreement, which was incorporated into the divorce judgment, the parties agreed, inter alia, that the mother would have sole legal and physical custody of the child, and the father would not contact or interact with the child and would stay away from her. The father has no ongoing relationship with the child.
In 2015, the mother filed a complaint, pursuant to G. L. c. 208, § 30,[2] seeking authorization to remove the child from Massachusetts. At trial, the mother testified that she has no close familial relationships in Massachusetts. Although she works primarily from home, her job requires her to travel several times per year. When she does, she cannot rely on her family to take care of the child; instead, she has relied on a series of paid babysitters-a situation that she considers less than ideal.
The mother also testified that her closest friend lives in a small town in New York, where the mother desires to move with the child. She wants to be near her friend whom she considers family. They have been friends since high school, and despite the physical distance between their residences, they have managed to remain close and visit. The mother has visited the local schools in New York and was impressed by their science and math curriculum. At trial, the father's counsel cross-examined the mother on the accuracy of her financial disclosures and her petition for bankruptcy.
The mother's friend testified that she has visited with the mother and the child on at least seven occasions since 2013. Her children have established a bond with the child, who at the time of the trial was six years old and in first grade. The friend and her family have roots in their New York community and know the school district. The friend is willing and able to help with the child's care when the mother needs to travel for work.
Discussion. On appeal, the father argues that the trial judge erred in finding that the mother had a "good, sincere reason for wanting to remove to another jurisdiction," Yannas v. Frondistou-Yannas, 395 Mass. 704, 711 (1985), despite supposed discrepancies in her financial disclosures and her bankruptcy petition. "[F]indings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. We do not substitute our judgment of the evidence for the subsidiary findings of the judge absent clear error or a firm conviction that a mistake has been committed." Mason v. Coleman, 447 Mass. 177, 186 (2006) (quotations omitted). Here, the trial judge credited the testimony of the mother and of her friend that the move to New York would provide a real advantage to the mother because in New York she would have the emotional and physical support of her friend and her friend's family. In contrast, she has no close family or friends in Massachusetts. She cannot rely on the few family members in the area to provide care for the child. In addition, the father has no ongoing relationship with the child. The father's argument that the mother did not show, in addition, an economic benefit from the move in light of a pending bankruptcy fails to address the real advantages to the mother that the trial judge found. See Altomare v. Altomare, 77 Mass. App. Ct. 601, 606-608 (2010).
The father also argues that the trial judge abused her discretion in finding that the move was in the best interest of the child. We disagree. The trial judge found that, like the mother, the child will benefit from the move to New York, where the closest relationship she has to a family reside. See Woodside v. Woodside, 79 Mass. App. Ct. 713, 716 (2011). The child will also benefit from receiving care from the friend when the mother needs to travel for her work. In addition, while the child already has a good relationship with the friend and her children, she has no ongoing relationship with the father.[3]
Judgment affirmed.

At the time of the filing of the complaint, neither the mother nor child had resided in Massachusetts for five consecutive years. Because neither party argues that G. L. c. 208, § 30, does not govern our analysis, we assume, without deciding, that the statute applies.

To the extent that we do not address the father's other contentions, they "have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).